# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| SUNDROP BOTTLING COMPANY, INC., | ) ) |
|     **Plaintiff,** | ) NO. 1:19-cv-0039 ) |
| v. | ) **JURY DEMAND** ) |
| FIJI WATER COMPANY, LLC, | ) **JUDGE CAMPBELL** ) **MAGISTRATE JUDGE HOLMES** |
|     **Defendant.** | ) |

## INITIAL CASE MANAGEMENT ORDER

The initial case management conference was held on June 14, 2019. Counsel appearing were: Ryan Clark for Plaintiff and Lee Piovarcy for Defendant. From the proposed initial case management order submitted by the parties (Docket No. 17) and discussion during the initial case management conference, and pursuant to Local Rule 16.01, the following case management schedule and plan is adopted.

    A.     JURISDICTION: The Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

    B.     BRIEF THEORIES OF THE PARTIES:

For Plaintiff:

In 2003, Defendant Fiji Water Company, LLC ("Fiji") entered into a business arrangement with Plaintiff, Sundrop Bottling Company ("Sundrop"), to market and sell Fiji Water throughout ten counties in Tennessee. From 2004 through 2018, Sundrop distributed Fiji products annually according to the oral agreement by which the two corporations operated. Under this oral agreement, Sundrop received proceeds from Fiji according to annual sales and projections.

On October 1, 2018, Fiji sent Sundrop a letter stating that the distribution agreement was to be terminated on October 30, 2018. On this same date, Fiji sent a letter to Sundrop's customers, stating that Fiji would be distributing its product directly to Sundrop's customers, removing

1

Sundrop from the arrangement. However, prior to October 1, 2018, Fiji was in fact already selling its products to Sundrop's customers.

Fiji breached its contract with Sundrop both by terminating the agreement without notice and by selling its product directly to Sundrop's customers prior to the October 1, 2018 letter. Sundrop's Complaint pleads causes of action for breach of contract and unjust enrichment.

For Defendant:

FIJI denies the existence of the alleged oral agreement with SunDrop for the distribution of FIJI Water products in the middle district of Tennessee between 2004 and 2018. In particular, FIJI denies that it was required to provide one-year advance notice to SunDrop before ending the parties' relationship or selling products directly itself to customers in Tennessee.

C. ISSUES RESOLVED: Jurisdiction and venue.

D. ISSUES STILL IN DISPUTE: Liability and damages.

E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1) on or before **July 19, 2019.** The initial disclosures must include copies (not descriptions) of responsive documents.

F. CASE RESOLUTION PLAN AND JOINT STATUS REPORTS: The parties must make a minimum of two independent and substantive attempts at case resolution. By no later than **November 15, 2019,** the parties must file a joint case resolution status report confirming their first attempt at case resolution. The parties must conduct enough discovery by this date to substantively evaluate and discuss settlement. The joint status report should also provide details of the parties' intended second attempt at case resolution. The parties may participate in mediation any time by agreement without further order, provided the mediation is concluded by no later than **July 31, 2020**, and the scheduling of the mediation does not require the extension of any case management

deadline. Any request of the parties for a judicial settlement conference must be made by no later than **April 22, 2020,** and must also state (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference. By the earlier of seven (7) days following the conclusion of any ADR or **July 31, 2020,** the parties must file a second joint case resolution status report confirming their second attempt at case resolution. The parties' compliance with this case resolution plan is mandatory.

G. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before **May 22, 2020**. Written discovery shall be served by no later than **April 7, 2020**. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including sub-parts. Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

No discovery disputes may be brought to the Court for resolution before lead counsel for all parties have conducted an in-person meeting and made a good faith effort to resolve any dispute(s). Discovery disputes that cannot be resolved after the in-person meeting should be brought promptly to the attention of the Magistrate Judge by a request for a discovery conference. It will be within the Magistrate Judge's discretion to allow filing of discovery-related motions, after counsel have scheduled and participated in a discovery conference. In connection with any discovery conference, the parties must file a joint discovery dispute statement, of no more than 3 pages per affected party per issue, which identifies and describes the specific discovery request(s) in dispute and details each party's position with supporting facts and legal authorities, including as to any proportionality considerations. The joint discovery dispute statement must certify that lead counsel for all parties conducted the required in-person meeting and made a good faith effort to resolve each discovery dispute presented in the statement. No discovery

3

conference will be held until a compliant joint statement is filed. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01, but must clearly state in the filing made in accordance with the timing requirements of Local Rule 7.01 that the joint statement is adopted as the party's memorandum of law or response, as the case may be.

H. MOTIONS TO AMEND OR TO ADD PARTIES: Any motions to amend or to add parties must be filed by no later than **October 1, 2019** and must comply with Local Rules 7.01 and 15.01.

I. DISCLOSURE AND DEPOSITIONS OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **June 12, 2020**. The defendant shall identify and disclose all expert witnesses and reports on or before **July 14, 2020**. Rebuttal experts shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. See Local Rule 39.01(c)(5.C). Expert depositions shall be completed by **August 14, 2020**.

J. SUBSEQUENT CASE MANAGEMENT CONFERENCE: A subsequent case management conference shall be held telephonically on **March 26, 2020, at 11:00 a.m.**, to address: status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of a judicial settlement conference or other ADR); and, any other appropriate matters. Plaintiff's counsel shall initiate the call.

K. DISPOSITIVE MOTIONS: As provided above, the parties must attempt to resolve the case prior to the filing of dispositive motions. Dispositive motions shall be filed by no later than **September 15, 2020**. Responses to dispositive motions shall be filed within **28 days** after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within **14 days** after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

L. ELECTRONIC DISCOVERY: The parties anticipate reaching an agreement on how to conduct electronic discovery. Any agreement between the parties to address the topics provided by Administrative Order No. 174-1 must be reduced to writing, signed by counsel, and either filed as a stipulation of agreed-upon electronic discovery procedures, or, if the parties request court approval, submitted as proposed agreed order with an accompanying motion for approval. In the absence of compliance with this provision, the default standards of Administrative Order No. 174-1 will apply.

M. MODIFICATION OF CASE MANAGEMENT ORDER: Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to

5

review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01 that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date.  Motions for extensions should also detail the moving party's efforts at diligently complying with the originally scheduled deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

N. ATTORNEYS.  Entry of an appearance or otherwise participating as counsel of record is a representation that the attorney will be prepared to conduct the trial of this action, from which an attorney may only be relieved by approval of the Court.

O. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:  The **JURY** trial of this action is expected to last **approximately two (2) days**.  A target trial date no earlier than **February 23, 2021,** is respectfully requested.[1]  An order setting dates for trial and a pretrial conference, and detailing the parties' pretrial obligations, will be entered separately by Judge Campbell.

It is so **ORDERED**.

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[1] The parties were also reminded during the case management conference of their option to consent to final disposition by the Magistrate Judge pursuant to Fed. R. Civ. P. 73 and Local Rule 73.01. As discussed, if the parties wish to utilize this option, they may jointly complete and electronically file the form Notice, Consent and Reference of a Civil Action to a Magistrate Judge found on the Court's website under the link for Forms. Not consenting will not result in any adverse consequences, and the Notice should be filed **only if all parties consent** to final disposition by the Magistrate Judge.