IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| SUNDROP BOTTLING COMPANY | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-00039 |
| | ) | Campbell/Holmes |
| FIJI WATER COMPANY, LLC | ) | |

**MEMORANDUM AND ORDER**

Pending before the Court is Defendant's motion for leave to amend its answer (Docket No. 48), to which Plaintiff has filed a response in opposition (Docket No. 50), and Defendant's reply (Docket No. 52). For the reasons stated herein, Defendant's motion (Docket No. 48) is GRANTED. The Clerk is directed to separately file Defendant's second amended answer and counterclaim presently found at Docket No. 48-1.

**I.   BACKGROUND**

Familiarity with this case is presumed and only that background necessary for explanation of or context to the Court's decision is recited. In its First Amended Complaint (the "amended complaint"), Plaintiff Sundrop Bottling Company ("Sundrop" or "Plaintiff") references a "Marketing Fund Agreement" circulated by Defendant Fiji Water Company, LLC ("Fiji" or "Defendant"), but expressly states that the agreement was, by its terms, distinct from any other distribution agreement. (Docket No. 25 at ¶ 17.) There is no dispute that Plaintiff identified the Marketing Fund Agreement in its initial disclosures and at least incidentally referenced the agreement in its discovery responses. (Docket No. 49 at 4.) There is no indication that Plaintiff's position about the distinction of the Marketing Fund Agreement changed in written discovery.

However, in a Rule 30(b)(6) deposition taken on August 25, 2020, Plaintiff's corporate representative, Executive Vice-President David Johnson, at least ostensibly testified differently as to the import of the Marketing Fund Agreement than had been Plaintiff's previous position. (*Id*.) After the Johnson deposition, the parties discussed Defendant's intention to seek to amend its answer. (*Id*.) There is no dispute that Plaintiff conducted discovery related to the proposed amendments. The parties could not, however, reach an agreement on amendment of Defendant's answer, which resulted in Defendant filing the instant motion, nearly a year after the deadline of October 1, 2019 for motions to amend. (Docket No. 20 at 4.) Plaintiff filed a response in opposition to the requested amendment. (Docket No. 50.) Defendant then filed a reply. (Docket No. 52.) The Court has reviewed the parties' filings and the entire record, and, for the reasons discussed below, will grant Defendant's motion.

## II. LEGAL STANDARDS AND ANALYSIS

Leave to amend a pleading generally should be "freely given when justice so requires," Fed. R. Civ. P. 15(a), which "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Moore v. City of Paducah,* 790 F.2d 557, 559 (6th Cir. 1986) (quoting *Tefft v. Seward,* 689 F.2d 637, 639 (6th Cir. 1982)). The Supreme Court has indicated that although the moving party "ought to be afforded an opportunity to test its claim on the merits," one or more of the following conditions may negate this directive: undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, or futility of the proposed amendment. *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 383 (6th Cir. 1993) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). In addition, when a party seeks to amend in the late stages of a case, the moving party bears "an increased burden to show justification for failing to move

earlier." *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 459 (6th Cir. 2001); *see also Duggins v Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999). Ultimately, the determination of whether to permit a requested amendment is within the trial court's "sound discretion." *Moore*, 790 F.2d at 559 (internal citations omitted).[1]

Because Defendant's motion necessitates an extension of the scheduling deadline for motions to amend, the Court must consider Rule 15 in conjunction with Rule 16, which restricts the timing of amendments to a pleading. Specifically, Rule 16 directs that a scheduling or case management order must include the time within which a party may amend the pleadings. Fed. R. Civ. P. 16(b)(3)(A). This requirement is designed to ensure that "at some point both the parties and the pleadings will be fixed." Fed. R. Civ. P. 16, 1983 Advisory Committee's Notes.

Once a Rule 16(b) scheduling order is entered it "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This "good cause" requirement is "a threshold that requires late-moving litigants to show that 'despite their diligence they could not meet the original deadline.'" *Shane v. Bunzl Distribution USA, Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008) (quoting *Leary v. Daeschner,* 349 F.3d 888, 907 (6th Cir. 2003)). The *Leary* court clarified the law of the circuit regarding the intersection between Rule 15(a) and Rule 16(b) as

> [o]nce the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a).

---

[1] This Court, along with most district courts in the Sixth Circuit, considers an order on a motion to amend to be non-dispositive. *See, e.g., Gentry v. The Tennessee Board of Judicial Conduct*, 2017 WL 2362494, at *1 (M.D. Tenn. May 31, 2017) ("Courts have uniformly held that motions to amend complaints are non-dispositive matters that may be determined by the magistrate judge and reviewed under the clearly erroneous or contrary to law standard of review …") (citations omitted); *Chinn v. Jenkins*, 2017 WL 1177610 (S.D. Ohio March 31, 2017) (order denying motion to amend is not dispositive); *Young v. Jackson*, 2014 WL 4272768, at *1 (E.D. Mich. Aug. 29, 2014) ("A denial of a motion to amend is a non-dispositive order.").

349 F.3d at 909 (internal citation omitted). *See also Amoco Pipeline Co. v. Herman Drainage Sys.*, 212 F. Supp. 2d 710, 730-31 (W.D. Mich. 2002) ("Rule 16(b)'s 'good cause' standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) … focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts.").

Although one "consideration that informs" the analysis of good cause is whether the defendant would be prejudiced by the amendment and modification of the scheduling order, *Korn v. Paul Revere Life Ins. Co.*, 382 F.App'x 443, 450 (6th Cir. 2010), as this Court has noted,

> even if no prejudice is evident, the plaintiff still "must [ ] explain why [s]he failed to move for the amendment at a time that would not have required a modification of the scheduling order." Where the plaintiff's explanation for the delay is simply insufficient or not credible, it is appropriate for the court to deny the motion for leave to amend. If the plaintiff establishes "good cause," then the court proceeds to the more permissive Rule 15(a)(2) analysis.

*Stewart v. King*, 2011 WL 237678, at *5 (M.D. Tenn. Jan. 24, 2011) (Trauger, J.) (internal citations omitted).

Here, the Court finds good cause for extending the amendment deadline to accommodate Defendant's motion. Although Defendant could have perhaps been more aggressive in following upon every possible nuance of any argument or position upon which Plaintiff might rely in presenting its case, the Court finds no fault in Defendant's acceptance of Plaintiff's contention that the Marketing Fund Agreement and Plaintiff's claims are distinct from each other, factually and legally. In fact, Plaintiff continues to make this distinction (*see* Docket No. 50 at 9), notwithstanding that its Rule 30(b)(6) witness suggested otherwise.

The Court further finds that the testimony of Plaintiff's Rule 30(b)(6) witness provides a factual basis for Defendant's contention that its claims relating to the Marketing Fund

Agreement are inextricably intertwined with the parties' distribution relationship, thus, arguably, making Defendant's claims compulsory.[2] Because that testimony occurred only recently and was at least inconsistent with, if not contrary to, Plaintiff's earlier position, the Court finds no undue delay in Defendant's conduct. In other words, there was no lack of diligence by Defendant. *Leary*, 349 F.3d at 906 (modification of a scheduling order is appropriate when the relevant deadline could not have been reasonably met despite the diligence of the party seeking the extension). As discussed in more detail below, the Court also finds no undue prejudice to Plaintiff from the proposed amendments. For these reasons, an extension to permit the requested amendment is not unwarranted.

Further, for these and the following reasons, Defendant's proposed amendment is properly allowed under Rule 15. As a general proposition, delay alone is not enough to deny amendment of a pleading. The delay must be undue, that is, it must result in prejudice to Plaintiff. *Tefft v. Seward*, 689 F.2d 637, 639 n. 2 (6th Cir. 1982) ("Delay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself to disallow an amendment of a pleading."); *see also Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986) (delay alone, regardless of its length is not enough to bar an amendment if the other party is not prejudiced). Here, the Court finds no significant prejudice to Plaintiff. Although the formal amendment occurs at the end of discovery in this case, Plaintiff was given notice of Defendant's assertion of unjust enrichment as an affirmative defense, which was raised in Defendant's answer in April of 2019. (Docket No. 7 at 7.) Additionally, Defendant notified Plaintiff of its intent to pursue the proposed amendments before the close of discovery. After this

---

[2] The Court accepts that Plaintiff's Rule 30(b)(6) witness was not testifying as to any legal construction of the Marketing Fund Agreement. Regardless, his testimony provides the necessary factual nexus asserted by Defendant.

notification, Plaintiff conducted discovery, including depositions, on the issues. Plaintiff has not identified any specific instances of prejudice it will suffer because of the amendment. Plaintiff's arguments that the deposition testimony was unproductive go to the sufficiency of Defendant's proof of its unjust enrichment damages, which is not an issue this Court will decide in the context of a motion to amend.[3] Similarly, the Court declines to address the merits of Plaintiff's futility argument in this context. *See Durthaler v. Accounts Receivable Mgmt.,* Inc., 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) (denying a motion for leave to amend on grounds that the proposed new claim is legally insufficient is, at least indirectly, a ruling on the merits of that claim); *see also Greenwald v. Holstein*, 2016 WL 9344297, at *5 (S.D. Ohio Feb. 3, 2016) (due to the procedural roadblock that futility arguments are dispositive in nature, it is within a magistrate judge's sound discretion to decline to consider futility arguments in the context of an amendment motion).[4] Nor does the Court find that Defendant's requested amendment is in bad faith or could have been cured by a previous amendment. *See Thiokol Corp*, 987 F.2d at 383 (adopting *Foman v. Davis* factors for consideration of a motion to amend) (citations omitted).

---

[3] Certainly, if Defendant offers new evidence at trial that was not previously disclosed, that will be a basis for Plaintiff to seek exclusion. Further, Plaintiff, may, of course, contest the sufficiency of Defendant's proof on its counterclaim through all appropriate means.

[4] The Sixth Circuit has made clear that any analysis of the futility of proposed amendments is equivalent to the analysis undertaken as part of a Rule 12(b)(6) motion. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000) ("[A] proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss."). Dispositive motions are not generally decided by magistrate judges. Declining to address Plaintiff's futility arguments is the approach most intellectually and conceptually consistent with treatment of motions to amend as non-dispositive matters.

## III. CONCLUSION

For all these reasons, Defendant's motion for leave to amend is granted. The Clerk is therefore directed to separately file Defendant's second amended answer and counterclaim presently found at Docket No. 48-1.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge