IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| SUNDROP BOTTLING COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> FIJI WATER COMPANY, LLC, <br><br> Defendant. | Case No. 1:19-cv-00039 <br><br> Judge: Campbell <br> Magistrate Judge: Holmes |

## DEFENDANT FIJI WATER COMPANY LLC'S
## MOTION FOR SUMMARY JUDGMENT

Comes now Defendant FIJI Water Company LLC ("Defendant" or "FIJI"), by and through its counsel, and hereby submits this Motion for Summary Judgment (the "Motion") pursuant to Federal Rule of Civil Procedure ("FRCP") 56 and Middle District of Tennessee Local Rule 56.01 on the ground that there is no genuine issue as to any material fact relevant to the determination of this action, and the moving party is entitled to judgment as a matter of law on all claims alleged by Plaintiff Sundrop Bottling Company, Inc. ("Plaintiff" or "Sundrop") in its First Amended Complaint ("FAC"). The following grounds support this conclusion:

### COUNT I:

### Breach of Contract – Distribution Contract

1. Summary judgment should be granted in favor of Defendant on the ground that Plaintiff cannot establish the existence of an enforceable contract.

2. Summary judgment should be granted in favor of Defendant on the ground that

the distribution relationship alleged by Plaintiff was voidable at-will pursuant to the Statute of Frauds.

3. Summary judgment should be granted in favor of Defendant on the ground that no notice was required to terminate the distribution relationship and/or sufficient termination notice was provided.

## COUNT II:

## Damages for Breach of Contract and Consequential Damages

4. Summary judgment should be granted in favor of Defendant on the ground that this claim is derivative of Plaintiff's breach of distribution contract claim, which fails as a matter of law.

## COUNT III:

## Breach of Contract – Wild Oats

5. Summary judgment should be granted in favor of Defendant on the ground that Plaintiff cannot establish the existence of an enforceable contract.

6. Summary judgment should be granted in favor of Defendant on the ground that this claim is barred by the applicable statute of limitations.

7. Summary judgment should be granted in favor of Defendant on the ground that Plaintiff seeks damages outside the statute of limitations.

## COUNT IV:

## Unjust Enrichment – Distribution Contract

8. Summary judgment should be granted in favor of Defendant on the ground that a claim for unjust enrichment cannot be sought in relation to an allegedly enforceable contract.

9. Summary judgment should be granted in favor of Defendant on the ground that Plaintiff cannot establish the existence of a benefit it conferred upon FIJI.

10. Summary judgment should be granted in favor of Defendant on the ground that Plaintiff cannot establish that FIJI appreciated any alleged benefit purportedly conferred on FIJI by Sundrop.

11. Summary judgment should be granted in favor of Defendant on the ground that Plaintiff cannot establish that retention of any alleged benefit purportedly conferred on FIJI by Sundrop would be inequitable.

## COUNT V:

### Unjust Enrichment – Wild Oats

12. Summary judgment should be granted in favor of Defendant on the ground that a claim for unjust enrichment cannot be sought in relation to an allegedly enforceable contract.

13. Summary judgment should be granted in favor of Defendant on the ground that Plaintiff cannot establish the existence of a benefit it conferred upon FIJI.

14. Summary judgment should be granted in favor of Defendant on the ground that Plaintiff cannot establish that FIJI appreciated any alleged benefit purportedly conferred on FIJI by Sundrop.

15. Summary judgment should be granted in favor of Defendant on the ground that Plaintiff cannot establish that retention of any alleged benefit purportedly conferred on FIJI by Sundrop would be inequitable.

## COUNT VI:

### Tortious Interference

16. Summary judgment should be granted in favor of Defendant on the ground that Plaintiff cannot establish the existence of an existing business relationship with a specific third party or a prospective relationship with an identifiable class of third persons that FIJI allegedly interfered with.

{3127730.2}
3
Case 1:19-cv-00039   Document 55   Filed 10/23/20   Page 3 of 6 PageID #: 399

17. Summary judgment should be granted in favor of Defendant on the ground that Plaintiff cannot establish Defendant's knowledge of any business relationship it allegedly interfered with.

18. Summary judgment should be granted in favor of Defendant on the ground that Plaintiff cannot establish any improper means or motive in relation to Defendant's alleged actions.

19. Summary judgment should be granted in favor of Defendant on the ground that Plaintiff cannot establish any damages resulting from the alleged tortious interference.

**ALTERNATIVELY**, if for any reason summary judgment is not granted as to the Complaint in its entirety on the bases set forth above, Defendant will move and hereby does move this Court, pursuant to Federal Rule of Civil Procedure 56(a), for an order granting partial summary judgment adjudicating that there is no genuine issue of material fact as to fewer than all of the foregoing nineteen (19) grounds and that the final judgment in this action shall, in addition to any matters determined at trial, award judgment as established by such adjudication.

In addition to the nineteen (19) grounds set forth above, Defendant moves for partial summary judgment on the following grounds:

1. Plaintiff cannot recover punitive damages against Defendant, as prayed for in its FAC, since Plaintiff cannot establish that Defendant acted with the requisite malicious, intentional, fraudulent, or reckless conduct necessary to support an award of punitive damages.

This Motion is based upon this Motion, the accompanying Memorandum of Points and Authorities, the accompanying Statement of Undisputed Material Facts and the exhibits thereto, and all of the pleadings and papers on file in this action.

        Respectfully submitted,

        */s/ Kirsten E. Bass*
        Kristina M. Diaz, Cal. Bar No. 151566

(*admitted pro hac vice*)
Johnny Traboulsi, Cal. Bar No. 211384
(*admitted pro hac vice*)
Kirsten E. Bass, Cal. Bar No. 300205
(*admitted pro hac vice*)
ROLL LAW GROUP PC
11444 West Olympic Boulevard Los
Angeles, California 90064-1557
Telephone: (310) 966-8400
Facsimile: (310) 966-8810

Lee L. Piovarcy (TN B.P.R. #8202)
Rebecca K. Hinds (TN B.P.R. #31368)
MARTIN, TATE, MORROW
& MARSTON, P.C.
6410 Poplar Ave., Tower II, Suite 1000
Memphis, TN 38119-4839
Tel: (901) 522-9000
Email: piovarcyl@martintate.com
Email: rhinds@martintate.com

P.O. Box 158
200 Mahr Avenue
Lawrenceburg, TN 38464

*Attorneys for Defendant*
FIJI WATER COMPANY LLC

{3127730.2}　　5
Case 1:19-cv-00039   Document 55   Filed 10/23/20   Page 5 of 6 PageID #: 401

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon the below-listed counsel this 23 day of October 2020, by operation of the Court's electronic case filing system:

>Ryan N. Clark, Esq.
>John W. Lewis, Esq.
>Whitney H. Kimerling, Esq.
>424 Church St., Ste. 2500
>P.O. Box 198615
>Nashville, TN 37219

*Attorneys for Plaintiff*

>/s/ Erin Chance